BRYAN SCHWARTZ LAW
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
logan@bryanschawrtzlaw.com

LEGAL AID AT WORK
Jinny Kim (SBN 208953)
Alexis Alvarez (SBN 281377)
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
Email: jkim@legalaidatwork.org
aalvarez@legalaidatwork.org

*Attorneys for Plaintiff Martha Daniels*

**UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA DANIELS,<br><br>Plaintiff,<br><br>vs.<br><br>ADAMS AND ASSOCIATES, INC., doing business in California as ADAMS AND ASSOCIATES OF NV, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.: 17-5748**<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA");<br>2. Disability Discrimination in Violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12940, *et seq.* ("FEHA");<br>3. Failure to Accommodate in Violation of the ADA, 42 U.S.C. § 12101, *et seq.*;<br>4. Failure to Accommodate in Violation of FEHA, Cal. Gov't Code §§ 12940(a) & (m);<br>5. Failure to Engage in the Interactive Process in Violation of FEHA, Cal. Gov't Code § 12940, *et seq.*;<br>6. Retaliation and Interference in Violation of the ADA, 42 U.S.C. § 12203; andRetaliation and Interference in Violation of the FEHA, Cal. Gov't Code § 12940(h)<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## I.   PRELIMINARY STATEMENT

1. Plaintiff Martha Daniels brings this suit against her former employer, Defendant Adams and Associates, Inc., and DOE Defendants (collectively, "Defendants"). Plaintiff alleges that Defendants discriminated against her because of her disability in violation of the ADA and FEHA, by failing to engage in the interactive process with Plaintiff, by failing to reasonably accommodate Plaintiff's disability, and by terminating Plaintiff because of her disability.

## II.   PARTIES

2. Plaintiff is a 65-year-old disabled female who resides in Oakland, California. Plaintiff was employed by Defendant Adams and Associates, Inc. from August 2009, until she was terminated on November 6, 2014.

3. Defendant Adams and Associates, Inc., doing business in California as Adams and Associates of NV, Inc., is a Nevada corporation with its principal place of business in Nevada. Defendant Adams and Associates, Inc. does business in California and nationwide, where it operates 20 Jobs Corps Centers pursuant to a contract with the United States Department of Labor.

4. Defendants DOES 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such Defendants.

5. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to the remaining Defendants. Each of the Defendants is jointly and severally liable to Plaintiff.

///

### III. JURISDICTION & VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the ADA, 42 U.S.C. § 12101, *et seq.* In addition, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendants are citizens of different States, and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs. This Court also has subject-matter jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district. Venue is also proper under 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a), which provide that an ADA action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have occurred.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On March 11, 2015, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After investigation, the EEOC issued a cause finding in which it "determined that there is cause to believe that Respondent discriminated against Charging Party on the basis of her disability in violation of the ADA." A true-and-correct copy of the EEOC's cause finding of disability discrimination is attached hereto as Exhibit A. After an EEOC conciliation between the Parties failed, the EEOC issued a Right-to-Sue notice on September 14, 2017. A true-and-correct copy of Plaintiff's Right-to-Sue notice is attached to this complaint as Exhibit B.

### V. FACTUAL ALLEGATIONS

9. Defendant Adams and Associates, Inc. operates the Treasure Island Job Corps Center in San Francisco, California, pursuant to a contract with the United States Department of Labor. The Center provides no-cost education and career training to low-income youth ages 16 to 24.

10. Plaintiff Martha Daniels was first hired by Defendants in August 2009 to work as a Residential Coordinator at the Treasure Island facility. Just four months later, in

1  December 2009, Plaintiff was promoted to the Dorm Supervisor position.

2  11. During her approximately three years in the Dorm Supervisor position, Plaintiff loved working with the Job Corps students and she earned both the friendship and respect of the young women under her care. Plaintiff frequently went beyond her required job duties to help Job Corps students, whether it was helping students with their job applications or throwing small graduation parties for students who had no family attending – on her own dime. Under Plaintiff's leadership, her students won "Dorm of the Month" twice. Throughout Plaintiff's employment with Defendants, she received positive performance evaluations.

12. On March 29, 2013, Center Director Jennifer Cha, Human Resources Manager Anny Fong, and Residential Director Kelly Snyder informed Plaintiff that they were terminating her employment, effective immediately. Plaintiff was informed that her termination was the result of a reduction in force, although Plaintiff was the only member of the residential staff impacted by the layoff, and Ms. Cha had previously informed her that no Dorm Supervisors would be part of the reduction in force.

13. That same day, Plaintiff and Ms. Snyder announced to the students Plaintiff supervised that Plaintiff had been terminated. The students were angry and upset to lose Plaintiff, who had been a mentor to many of the students under her care. After seeing this response from the students, Ms. Snyder told Plaintiff to come in the next morning to discuss an alternate position at Job Corps.

14. That next day, Ms. Snyder offered Plaintiff a demotion to a Residential Coordinator position as an alternative to termination. Although the Residential Coordinator position paid $16 per hour, as opposed to the approximately $40,000 annual salary she earned as a Dorm Supervisor, Plaintiff chose to accept the demotion because she believed in Job Corps' mission and needed the work.

15. The Residential Coordinator position is not physically demanding. The primary physical requirements are periodic walking and standing to perform regular "bed checks" of the students' dorm rooms. The job also requires occasional light lifting, or the ability to assess the amount of load and ask for assistance with lifting.

16. A few months after the demotion, in June 2013, Plaintiff suffered a right-knee injury which required her to undergo surgery to repair a torn meniscus on July 14, 2013. Plaintiff recuperated from the surgery and related complications by November 2013, when she returned to work and resumed her customary job duties.

17. Upon her return to work in November 2013, Plaintiff asked Anny Fong (Human Resources Manager) for permission to use a cane as a reasonable accommodation to assist Plaintiff in walking the Job Corps facility for bed checks. In response, Ms. Fong told Plaintiff that the use of canes by employees was against company policy, and Ms. Fong verbally denied Plaintiff's request.

18. In February 2014, Plaintiff suffered a severe flare-up in her right knee. Plaintiff's orthopedic surgeon, Dr. Thomas W. Peatman, instructed her to take an extended leave from work. Defendants granted Plaintiff's request to take unpaid leave through April 21, 2014, which leave was later extended until May 31, 2014, on Dr. Peatman's advice.

19. Plaintiff again returned to work on June 3, 2014. On July 30, 2014, Plaintiff suffered another flare-up and again took a leave from work.

20. By August 2014, Plaintiff was cleared by her doctors to return to work and she contacted Ms. Fong to discuss the details of her return. Ms. Fong was dismissive and disrespectful to Plaintiff when Plaintiff asked about possible accommodations for her disability. Later that month, Ms. Fong left her employment with Defendants.

21. Plaintiff then communicated with Michele Schroeder (Human Resources Assistant) about returning to work at Job Corps. At Ms. Schroeder's request, Plaintiff submitted a disability accommodations form completed by her pain specialist Dr. Matthew Johnson on September 18, 2014. Dr. Johnson recommended that Plaintiff refrain from lifting heavy boxes and limit standing and walking to no more than three hours per day. Dr. Johnson further recommended that Plaintiff would need periodic breaks from walking and standing (every 30 minutes) and the opportunity to rest and elevate her legs.

22. On September 17, 2014, Ms. Schroeder informed Plaintiff via telephone that she had received the paperwork from Dr. Matthew Johnson and that Plaintiff could return to work

with the proposed accommodations on September 23, 2014. Ms. Schroeder further stated that Plaintiff would need to visit a company-approved workers' compensation doctor prior to returning and that Ms. Schroeder would schedule the appointment on Plaintiff's behalf. Plaintiff contacted Ms. Schroeder several times to find out when she would need to visit the doctor, but Ms. Schroeder never set up the appointment.

23.     Plaintiff again phoned Ms. Schroeder on September 22, 2014, the day before Plaintiff's anticipated return to work, about the requested doctor's visit. Instead of Ms. Schroeder, Robin Donaldson of Corporate Human Resources answered the phone, as she was visiting from the corporate office in Maryland. Ms. Donaldson informed Plaintiff that Ms. Schroeder was no longer employed by Defendants.

24.     On that same call, Ms. Donaldson informed Plaintiff that, after reviewing the accommodations proposed by Dr. Matthew Johnson, Ms. Donaldson was unsure whether Defendants could accommodate Plaintiff. Ms. Donaldson told Plaintiff: "Don't you know that you work eight hours, not three hours?" Plaintiff explained to Ms. Donaldson that she was asking for relief from standing or walking after a cumulative three hours of standing and walking, not a three-hour workday. Ms. Donaldson then told Plaintiff she could not come to work the following day and that Ms. Donaldson needed to consult with Lloyd Pernell, Director of Corporate Human Resources, before Plaintiff could return to work.

25.     Throughout the month of October 2014, Plaintiff made repeated attempts to contact Ms. Donaldson to discuss her proposed accommodations. On two occasions, Ms. Donaldson informed Plaintiff that she had misplaced the relevant paperwork, which Plaintiff resubmitted at Ms. Donaldson's request.

26.     At Ms. Donaldson's request, Plaintiff also submitted an additional proposed accommodations form completed by her primary care physician, Dr. Andria Johnson, on October 27, 2014. Dr. Andria Johnson, who had been treating Plaintiff for several years, proposed similar but less restrictive accommodations as compared to Dr. Matthew Johnson. Dr. Andria Johnson also recommended that Plaintiff refrain from more than three hours of cumulative walking or

///

standing. Rather than breaks every 30 minutes, Dr. Andria Johnson recommended that Plaintiff be afforded a 15-minute break every 90 minutes.

27. Around the same time, Plaintiff received a phone call from Mr. Pernell, who told her that Defendants could not accommodate her disability. Mr. Pernell repeated Ms. Donaldson's comment about Plaintiff needing to work an eight-hour shift as opposed to a three-hour shift, and Plaintiff again explained that she was asking for a three-hour limit for walking and standing, not a three-hour work day. Mr. Pernell made no efforts to ascertain whether the proposed accommodations could be modified or if other suitable accommodations existed.

28. On November 6, 2014, Defendants sent Plaintiff a letter informing her: "On September 29, 2014, and October 30, 2014, you submitted a doctor's note to return to work as the Residential Coordinator with extensive accommodations that the agency is not able to accommodate at this time, as the accommodations would create an undue hardship on the agency. We are not able to approve the accommodation, and must terminate your employment at this time." The letter was signed by Center Director Jennifer Cha.

29. Defendants provided Plaintiff no other information concerning their professed inability to accommodate her. Defendants did not inform Plaintiff which of the proposed accommodations would impose an undue hardship on them. Defendants similarly did not inquire as to the existence or adequacy of alternate accommodations. Instead, Defendants terminated Plaintiff because of her disability.

### FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of the ADA,  
42 U.S.C. § 12101, *et seq.*  
(Against All Defendants)**

30. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

31. The ADA, 42 U.S.C. § 12112, prohibits discrimination against a qualified individual on the basis of disability with regard to the hiring and discharge of employees, as well

as other terms, conditions, and privileges of employment. Such discrimination includes, but is not limited to: not making reasonable accommodations to the known physical limitations of an otherwise qualified employee with a disability; denying employment opportunities to an employee who is an otherwise qualified individual with a disability based on the need to make a reasonable accommodation to the physical impairments of that employee; and failing to engage in the interactive process with the employee in good faith to determine the existence of reasonable accommodations, *see* 29 C.F.R. § 1630.2(o)(3); *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).

32. Defendants are covered entities under the ADA, 42 U.S.C. § 12111(2) and (5), because at all relevant times are and were employers engaged in an industry affecting commerce with more than 15 employees.

33. Plaintiff was an employee of Defendants under the ADA, 42 U.S.C. § 12111(4) from August 2009, until she was terminated on November 6, 2014.

34. Plaintiff is and was an individual with a disability, as defined under the ADA, 42 U.S.C. § 12012(1)(A) and (2), because she has a physical impairment, *i.e.*, a knee injury, which substantially limits her major life activities including, but not limited to, walking, standing, and lifting.

35. Plaintiff is and was an individual with a disability based on her record of a substantially limiting impairment, within the meaning of the ADA, 42 U.S.C. § 12102(1)(B).

36. Plaintiff is and was an individual with a disability because Defendants regarded her as disabled within the meaning of the ADA, 42 U.S.C. § 12102(1)(C) and (3)(A).

37. Plaintiff is and was at all relevant times a qualified individual as defined by the ADA, 42 U.S.C. § 12111(8) because she is and was capable of performing the essential functions of the Residential Coordinator position with one or more reasonable accommodations.

38. Accordingly, Plaintiff is a member of the class of persons protected by 42 U.S.C. § 12112. As alleged herein, Defendants discriminated against Plaintiff because of her disability by failing to engage in the interactive process with Plaintiff in good faith to determine the existence of reasonable accommodations, by failing to reasonably accommodate her disability,

and by terminating Plaintiff's employment because of her disability, all in violation of the ADA, 42 U.S.C. § 12101, *et seq*

39. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

40. Plaintiff is informed, believes, and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights. Moreover, Defendants and their managers, officers, and/or directors authorized and ratified the wrongful conduct of their employees. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

41. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the ADA, 42 U.S.C. §§ 2000e-5(k), 12117(a), and 12205.

42. Plaintiff timely exhausted her administrative remedies

///

**SECOND CAUSE OF ACTION**
**Disability Discrimination in Violation of FEHA,**
**California Government Code § 12940,** *et seq.*
**(Against All Defendants)**

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. FEHA, California Government Code § 12920, provides that it is the policy of the State of California to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination on the basis of physical disability.

45. FEHA, California Government Code § 12940(a), provides that it shall be unlawful for an employer to discriminate against a person because of her physical disability. Such prohibited discrimination includes, but is not limited to, discharging an employee because

///

of her physical disability and failing to reasonably accommodate an employee with a physical disability.

46. Defendants are employers within the meaning of FEHA, California Government Code § 12926(d), because at all relevant times Defendants were persons regularly employing more than five persons, or were acting as an agent of a person regularly employing more than five persons.

47. Plaintiff is protected by FEHA's prohibition on disability discrimination, because her knee condition qualifies as a physical disability under the Act, California Government Code § 12926(m).

48. Plaintiff is and was at all relevant times capable of performing the essential duties of the Residential Coordinator position with reasonable accommodations.

49. Defendants terminated Plaintiff's employment as a Residential Coordinator because of her disability, when reasonable accommodations existed that would have allowed Plaintiff to perform the essential functions of the Residential Coordinator position.

50. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

51. Plaintiff is informed, believes, and thereon alleges that Defendants acted with malice, fraud, or oppression and in reckless disregard of the Plaintiff's rights, entitling Plaintiff to recover punitive or exemplary damages.

52. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

53. Plaintiff timely exhausted her administrative remedies.

///
///
///

## THIRD CAUSE OF ACTION
### Failure to Accommodate in Violation of the ADA,
### 42 U.S.C. § 12101, *et seq*.
### (Against All Defendants)

54. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

55. It is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5). "To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation." 29 C.F.R. § 1630.2(o)(3) (2011); *see also* 29 C.F.R. pt. 1630, app. at § 1630.9 (2011).

56. By failing to accommodate Plaintiff's disability, or to engage in an effective interactive process with Plaintiff, as alleged herein, Defendants violated the ADA.

57. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

58. Plaintiff is informed, believes, and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights. Moreover, Defendants and their managers, officers, and/or directors authorized and ratified the wrongful conduct of their employees. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

59. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the ADA, 42 U.S.C. §§ 2000e-5(k), 12117(a), and 12205.

60. Plaintiff timely exhausted her administrative remedies.

///

///

# FOURTH CAUSE OF ACTION
**Failure to Accommodate in Violation of FEHA,
California Government Code §§ 12940(a) and (m)
(Against All Defendants)**

61. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

62. It is unlawful under the FEHA for an employer "to fail to make reasonable accommodations for known physical or mental disability of an applicant or employee." Cal. Gov't. Code § 12940(m); *see also* § 12940(a)(1).

63. By failing to accommodate Plaintiff, as alleged herein, Defendants violated California's FEHA.

64. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

65. Plaintiff is informed, believes, and thereon alleges that Defendants acted with malice, fraud, or oppression and in reckless disregard of the Plaintiff's rights, entitling Plaintiff to recover punitive or exemplary damages.

66. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

67. Plaintiff timely exhausted her administrative remedies.

///
///
///
///
///
///
///
///

## FIFTH CAUSE OF ACTION
**Failure to Engage in the Interactive Process in Violation of FEHA,
California Government Code § 12940, *et seq.*
(Against All Defendants)**

68. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

69. FEHA, California Government Code § 12940(n), provides that it is unlawful for an employer "to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known physical or mental disability or known medical condition."

70. Defendants failed to engage in the interactive process as required by FEHA. Defendants were made aware of Plaintiff's disability and her need for accommodation. Rather than engage in a conversation with Plaintiff to determine if reasonable accommodations existed that would allow Plaintiff to perform the essential functions of her job and which would not impose an undue hardship on Defendants, Defendants rejected Plaintiff's proposed accommodations outright and terminated her before any interactive process could occur.

71. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

72. Plaintiff is informed, believes, and thereon alleges that Defendants acted with malice, fraud, or oppression and in reckless disregard of the Plaintiff's rights, entitling Plaintiff to recover punitive or exemplary damages.

73. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

74. Plaintiff timely exhausted her administrative remedies.

///

## SIXTH CAUSE OF ACTION
### Retaliation and Interference in Violation of the ADA,
### 42 U.S.C. § 12203
### (Against All Defendants)

75. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

76. The ADA prohibits any person from discriminating against any individual for opposing any act made unlawful by the Act, and from interfering with any individual in the exercise or enjoyment of his or her rights under the Act. 42 U.S.C. § 12203(a), (b).

77. By requesting accommodations for her disability and in seeking to return to work following a medical leave of absence, Plaintiff engaged in protected activities under the ADA, and was exercising or attempting to exercise her rights.

78. By refusing to grant Plaintiff's request for accommodations and terminating her, all without adequate and effective communication or interaction, Defendants retaliated against Plaintiff and interfered with her rights under the ADA.

79. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

80. Plaintiff is informed, believes, and thereon alleges that Defendants and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights. Moreover, Defendants and their managers, officers, and/or directors authorized and ratified the wrongful conduct of their employees. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

81. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by the ADA, 42 U.S.C. §§ 2000e-5(k), 12117(a), and 12205.

82. Plaintiff timely exhausted her administrative remedies.

///

## SEVENTH CAUSE OF ACTION
### Retaliation and Interference in Violation of the FEHA,
### California Government Code § 12940(h))
### (Against All Defendants)

83. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

84. Under the FEHA, it is unlawful for an employer "because of … physical disability … to discharge the person from employment…or to discriminate against the person in terms, conditions or privileges of employment." Cal. Gov't Code § 12940(a).

85. By requesting accommodations for her disability and in seeking to return to work following a medical leave of absence, Plaintiff engaged in protected activities under FEHA and was exercising or attempting to exercise her rights.

86. By refusing to grant Plaintiff's request for accommodations and terminating her, all without adequate and effective communication or interaction, Defendants retaliated against Plaintiff and interfered with her rights under the FEHA.

87. As a direct and legal result of the acts and omissions of Defendants, as alleged herein, Plaintiff has suffered damages including, but not limited to, lost past and future wages and benefits, severe emotional distress, and medical expenses, according to proof at trial.

88. Plaintiff is informed, believes, and thereon alleges that Defendants acted with malice, fraud, or oppression and in reckless disregard of the Plaintiff's rights, entitling Plaintiff to recover punitive or exemplary damages.

89. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

90. Plaintiff timely exhausted her administrative remedies.

///

///

///

## PRAYER FOR RELIEF

91. WHEREFORE, Plaintiff prays for relief against Defendants as follows:

    A. That Defendants are found to have violated the ADA and/or FEHA by discriminating against Plaintiff because of her disability, by failing to reasonably accommodate Plaintiff's disability, by retaliating and interfering with Plaintiff's rights, by failing to engage in the interactive process with Plaintiff and by terminating Plaintiff's employment because of her disability;

    B. That Defendants' violations as described above are found to be intentional;

    C. For an award of past and future lost compensation and benefits, in a sum according to proof at trial;

    D. For an award of compensatory damages, including but not limited to emotional distress damages;

    E. For an award of punitive and/or exemplary damages;

    F. For an award of interest on the judgment, including pre-judgment interest, to the extent permitted by law;

    G. That the Court grant declaratory relief stating that Defendants' policies and practices are unlawful;

    H. For an award of reasonable attorneys' fees and costs, including expert fees, pursuant to the ADA, 42 U.S.C. §§ 2000e-5(k), 12117(a), and 12205; FEHA, California Government Code § 12965(b); California Code of Civil Procedure § 1021.5, and/or other applicable laws; and

    I. For such other and further relief, in law or in equity, as this Court may deem appropriate and just.

///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel, hereby demands a jury trial on all causes of actions and claims for which she has a right to jury trial.

DATED: October 5, 2017                     BRYAN SCHWARTZ LAW

By: _____

Bryan Schwartz

LEGAL AID AT WORK

By: _____

Jinny Kim